THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. SANTOS MARTÍNEZ PADRÓ, Defendant and Appellant.

Nos. CR-64-88—CR-64-90.     Decided December 9, 1964.

*Rafael Toro Cubergé* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Santos Martínez Padró, appellant herein, was charged with murder consisting in that "he illegally, wilfully and criminally, with malice aforethought and deliberation, showing that he had a perverted and malignant heart, with a firm and determined intent to kill unlawfully a fellow creature, assaulted and attacked with a revolver, which is a firearm, Jorge Luis Ortiz González, known as Gino, a human being, firing a shot at him and producing a bullet wound, which was the direct cause of his death." He was tried by a jury and convicted of murder in the second degree. The only evidence heard was the prosecution evidence, which included defendant's confession, the voluntariness of which was expressly admitted.

In the memorandum of the delegate of the Solicitor General the manner in which the facts occurred is summed up as follows:

"On January 20, 1963, defendant was on his way home in the ward of Fraile of Yauco, between six thirty and seven in the evening. Defendant was walking along a dark road and upon reaching a lowland he saw a white shadow walking toward him. Upon seeing the white shadow defendant took out his revolver and said: 'Who goes there, who goes there,' and upon receiving no answer he fired downward. The white shadow continued moving forward and defendant fired another shot, this time at the shadow which was then at a distance of 40 feet from him. A moan was heard and the shadow fell to the ground, and when defendant lighted a match he realized that he had wounded Jorge Luis Ortiz González, known as Gino. Defendant then went to the house of Ortiz González and told the latter's sister that he had found Ortiz lying on the road. The two of them took the injured to the hospital of Sabana Grande where a physician certified his death. The next day defendant hid the revolver, but afterwards, upon relating to the policemen the manner in which the facts occurred, he took them to the place where he had hidden the weapon."

The assignments of error are two: (1) that it does not appear from the evidence that appellant acted with malice, premeditation and deliberation, or show that he had a perverted and malignant heart; and (2) that the court refused to transmit to the jury instructions on self-defense.

■ ■ Since the conviction in the present case was for the offense of murder in the second degree, we may disregard the contention on the element of deliberation. Having considered the summary of the evidence made hereinabove, it cannot prosper either since, as we stated in *People v. Rosario Centeno*, 90 P.R.R. 851 (1964), which involved similar facts, "The concept of malice aforethought implies the absence of just cause or excuse in causing the death and the existence of the intent to kill a fellow creature. As we said in *People v. Méndez*, 74 P.R.R. 853, 860 (1953), 'That intent may be manifested through one of the two following elements, either of which is sufficient to determine

the existence of malice aforethought, to wit, (*a*) the specific intent to kill, considered as equivalent to the desire and direct, explicit and defined purpose to kill, that is, formulated precisely with the direct objective to kill [citation], or (*b*) the intention to do an act or inflict great bodily injury whose probable consequence is the death of a person,' without it being indispensable to show the deliberate intent to kill any human being in particular, because it suffices to create a situation of imminent danger of death, *People v. Cruz*, 49 P.R.R. 637, 641–642 (1936)."

■ The facts admitted in the confession did not justify the court either in giving instructions on self-defense. There is nothing to show that the conduct observed by appellant was prompted by reasonable motives to believe that he was in imminent danger of death or of great bodily injury, *cf. People v. Túa*, 84 P.R.R. 37, 57–63 (1961), but by an exaggerated fear, the product of superstition or of deceit.

■ ■ Upon examining the original record we have noticed that the trial court, in considering a motion which merely alleged that "the questions involved in this case deal with complicated principles of law which according to the best understanding of defendant have not been raised," and with the inexplicable acquiescence of the district attorney, admitted bail on appeal. Although this question comes within the sound discretion of the trial court, such discretion should be consistent with the rule provided at that time by § 374 of the Code of Criminal Procedure, 34 L.P.R.A. § 1215, similar to the existing Rule 198 of the Rules of Criminal Procedure of 1963, on the substantiality of the questions raised or the nature of the offense. As we have seen, the defense did not even point out which were these substantial questions. A reading of the transcript of evidence and an examination of the documentary evidence convince us that this was not a proper case for admission of bail, which

524

should not be considered as a mere matter of routine. This is even more evident when we consider the violations of the Weapons Law.

The judgments rendered by the Superior Court, Ponce Part, on March 25, 1963, will be affirmed.